UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. MARTINEZ,<br><br>                      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                      Defendant. | Case No.: 22-CV-1803 JLS (BLM)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND (2) DISMISSING WITHOUT PREJUDICE COMPLAINT**<br><br>(ECF Nos. 1 & 2) |

Presently before the Court are Plaintiff Carlos A. Martinez's ("Plaintiff") Complaint ("Compl.," ECF No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Mot.," ECF No. 2). Having carefully considered Plaintiff's Complaint, his IFP Motion, and the applicable law, the Court **GRANTS** Plaintiff's IFP Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint for the reasons that follow.

### *IN FORMA PAUPERIS* MOTION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

///

///

///

$402.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity.  *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015).  Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life."  *Id.*  The affidavit, however, need not demonstrate that the plaintiff is destitute.  *Id.*

Here, Plaintiff's affidavit shows that he and his spouse have combined monthly retirement income of $2,991.00.  *See* IFP Mot. at 1–2.  Plaintiff and his spouse have one month of retirement income in a Bank of America account, *see id.* at 2; own two cars worth a combined estimated $1,500.00, *see id.* at 3; and have monthly expenses of approximately $3,431.00, *see id.* at 4–5.  Plaintiff does not anticipate any major changes to his monthly income, expenses, assets, or liabilities in the coming year.  *Id.* at 5.

Given that Plaintiff and his spouse's monthly expenses exceed their monthly income, the Court concludes that Plaintiff adequately has demonstrated that paying the $402 filing fee would result in his inability to afford the necessities of life.  Accordingly, the Court **GRANTS** Plaintiff's IFP Motion.

### SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

**I.   Standard of Review**

Because Plaintiff is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2).  *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  The additional $52 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*.  *Id.*

Cir. 2002) (per curiam) (holding 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)).  Under this statute, the Court *sua sponte* must dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from immune defendants.  *See Lopez*, 203 F.3d at 1126–27.  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*.  The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard.  *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).  However, the incorporation-by-reference doctrine, is an exception to this rule.  *Id.*  When a document is incorporated by reference into the complaint, "the district court may treat such a document

as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("The court may treat . . . a document [incorporated by reference] as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'") (citing *Ritchie*, 342 F.3d at 908).

Courts have a duty to construe a *pro se* litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130–31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

## II.   Plaintiff's Allegations

Plaintiff, a naturalized United States citizen, originally was born in and immigrated from Mexico. Compl. at 4.[2] Plaintiff alleges that "[t]he United States Border Patrol has committed many abuse[s] of authority against [him] in [his] reentry to the United States from Mexico." *Id.* He notes that "a Flemish European white woman with blonde hair, blue eyes," obtained a protective order against him from the Superior Court for the State of California, County of San Francisco. *Id.* Plaintiff claims that he has crossed the Mexico-United States border "with three different female companions and ha[s] been detained, intorrageted [sic] with abuse of authority by the United States Border Patrol they asked [him] if [his] female companion was the protected person," although his "three different female companions have dark hair, dark eyes, and one has dark complexion." *Id.* Plaintiff claims that these actions have caused him "mental anxiety, mental stress and a physical dissabielity [sic]," *id.* at 2, and have additionally "triggered an allergic condition that in

---

[2] Citations to the Complaint refer to the blue page numbers stamped in the upper-righthand corner of each page by this District's CM/ECF system.

1  turn caused a physical dis[]ability not being ab[le] to walk normally must use a walker,"
2  *id*.  Plaintiff pleads that he was treated as a result "at the emergency of San Francisco
3  General Hospital the last two weeks in Jan. and four in Feb[.], March, 2017, June 2018."
4  *Id*.  He also received treatment for the allergic condition from UCSF Medical Center in
5  March and May 2017.  *See id.*

6  Plaintiff brings one claim under the Federal Tort Claims Act ("FTCA").  *Id*. at 5.  He
7  pleads exhaustion of his administrative remedies.  *See id.*  In support of this statement,
8  Plaintiff includes as Exhibit E1 a copy of a letter dated April 4, 2022, addressed to "CBP
9  Headquarters, U.S. Customs and Border Protection," at a mailing address in Washington,
10 D.C., seeking "restitution for the amount of $31,338.00 with interest as allowed by law."
11 *Id*. at 6.  Plaintiff also provides printouts of medical records from January through March
12 2017, *see id.* at 10–20, and a copy of his disabled person parking placard from the
13 California Department of Motor Vehicles, *see id.* at 21–22.  In addition to monetary
14 damages, Plaintiff seeks "an order orde[r]ing United States Border Patrol Agents to Stop
15 Committing Violations of Abuse of Authority in [his] reentry to the U.S.A. from Mexico."
16 *Id*. at 5.

17 **III.   Analysis**

18 The Court finds that the Complaint, as presently pleaded, fails to state a plausible
19 FTCA claim.  First, to the extent Plaintiff asks the Court to enjoin behavior by Border
20 Patrol agents, the Court must dismiss that request, as "[t]he Tort Claims Act makes the
21 United States liable in money damages for the torts of its agents under specified conditions,
22 but the Act does not submit the United States to injunctive relief."  *Moon v. Takisaki*, 501
23 F.2d 389, 390 (9th Cir. 1974).  Accordingly, to the extent Plaintiff seeks injunctive relief,
24 the Court lacks jurisdiction under the FTCA to grant that request.

25 Second, the FTCA provides that "[a] tort claim against the United States shall be
26 forever barred unless it is presented in writing to the appropriate Federal agency within two
27 years after such claim accrues[.]"  28 U.S.C. § 2401(b).  "The claim is deemed 'presented'
28 when it is received by the agency."  *Doe v. Hebbard*, No. 21-CV-00039-BAS-AGS, 2021

WL 5827075, at *1 (S.D. Cal. Dec. 8, 2021) (citing *Redlin v. United States*, 921 F.3d 1133, 1136 (9th Cir. 2019)). "The claim accrues at the time of the injury." *Id.* (citing *Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008)). "This FTCA limitation is non-jurisdictional and thus subject to equitable tolling," but "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id.* (internal quotation marks and citations omitted). "A district court may dismiss a claim '[i]f the running of the statute [of limitations] is apparent on the face of the complaint." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

Plaintiff alleges he first suffered medical injuries as a result of Defendant's conduct in early 2017. *See* Compl. at 2. However, per Exhibit E1, it appears that Plaintiff failed to present his claim to the relevant agency until April 2022, well beyond the two-year statute of limitations. *See id.* at 6. Yet "[P]laintiff has made no allegations in the pleading whatsoever that would support either equitable tolling or equitable estoppel." *Hebbard*, 2021 WL 5827075, at *2. Accordingly, Plaintiff's Complaint, as presently pleaded, is subject to dismissal for failure to state a claim, given the fact that his claim is facially barred by the relevant statute of limitations. *See id.* at *4 ("[T]he Court grants the Motion to Dismiss under Rule 12(b)(6) as the claims were not timely presented to the appropriate federal agency as required by the FTCA.") (emphasis omitted).

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's IFP Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

Plaintiff **MAY FILE** an amended complaint curing the pleading deficiencies noted above <u>on or before January 20, 2023</u>. Any amended filing must be complete in itself, without reference to Plaintiff's original Complaint. Any claim not realleged in Plaintiff's amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach*

*Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend that are not realleged in an amended pleading may be "considered waived").

**Should Plaintiff fail to file an amended complaint <u>on or before January 20, 2023</u>, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and his failure to prosecute in compliance with a court order requiring amendment.** *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  December 2, 2022

*[signature]*
Hon. Janis L. Sammartino
United States District Judge